UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MIGUEL REYES and ADRIANA REYES,

    Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.                              /

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, LEXINGTON INSURANCE COMPANY ("LEXINGTON") hereby files this Notice of Removal of Civil Action, and states:

1. LEXINGTON is a surplus lines insurer that issued a residential policy of insurance to Miguel Reyes and Adriana Reyes ("Petitioners") for the property located at 5420 SW 82nd Ave., Miami, Florida 33155.

2. LEXINGTON is named as Respondent in a civil action which was filed by Petitioners on January 16, 2015 in the 11th Judicial Circuit of the State of Florida for Miami-Dade County, case number 13-2015 CA 001110CA01, styled as <u>Miguel Reyes and Adriana Reyes v. Lexington Insurance Company</u>. *A copy of the Petition is attached hereto as* **Exhibit "A".**

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and which LEXINGTON is entitled to remove to this Court based upon diversity of citizenship.

4. Petitioners are citizens of Florida and not citizens of any other state for purposes of diversity jurisdiction.

5. LEXINGTON is a foreign corporation incorporated under the laws of the State of Delaware, having its principal place of business in Boston, Massachusetts. *See Declaration of Kathleen Spinella in Support of Removal attached hereto as* **Exhibit "B"** *at ¶4.*

6. LEXINGTON is a citizen of the state of Delaware and the commonwealth of Massachusetts for purposes of diversity jurisdiction.

7. LEXINGTON consents to the removal of this action to this Court. *See* Exhibit B at ¶ 5.

8. No parties have common citizenship for purposes of diversity jurisdiction. Therefore, complete diversity exists between all parties named in this matter.

9. Venue is proper in the Southern District of Florida because at all relevant times LEXINGTON was doing business in Florida, and the suit for which this removal originates was filed by Petitioners in the Circuit Court in and for Miami-Dade County.

10. These jurisdictional facts were true at the time Petitioners filed their Petition, and are true presently, at the time of removal.

11. According to the return of service in the state court file, service of process was effected on LEXINGTON through the Chief Financial Officer of the State of Florida pursuant to Florida Statutes Section 48.151 on February 6, 2015. *A copy of the Notice of Service of Process is attached hereto as* **Exhibit "C".**

12. The dispute over the underlying damages exceeds the jurisdictional requirement of $75,000.00.

13. Petitioners seek a declaration regarding the extent of coverage available under the subject Lexington insurance policy for an alleged October 9, 2014 water loss. See Exhibit A at ¶¶6-12.

14. In this case LEXINGTON offered payment in the amount of $6,687 for damages relating to the alleged October 9, 2014 water loss [See Exhibit B at ¶ 7] whereas Petitioners demanded payment of $95,947.01 [See Exhibit B at ¶ 6]

15. "[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315-1316 (11th Cir. 2014); *citing* Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" Id.

16. Accordingly, the damages at issue are in excess of the $75,000 jurisdictional minimum.

17. The following constitute all of the process, pleadings and orders served upon LEXINGTON in this action:

    a. Petition for Declaratory Relief

    b. Civil Action Summons

    c. Notice of Service of Process

    d. A copy of the Petition for Declaratory Relief has been annexed as **Exhibit "A".** A copy of the Notice of Service of Process has been annexed as **Exhibit "C"**. A copy of the Civil Action Summons has been annexed as **Exhibit**

"D".  Finally, a copy of the Notice to State Court is attached hereto as **Exhibit "E"**.

18.  This Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Petition for Declaratory Relief.

WHEREFORE, Defendant, LEXINGTON INSURANCE COMPANY, respectfully requests that the above referenced action pending in the Circuit Court in and for Miami-Dade County, Florida, assigned Case No. 13-2015 CA 001110CA01, be removed from that court to the United States District Court for the Southern District of Florida, Miami Division.

DATED this 6th day of March, 2015.

Respectfully submitted,

**BERK, MERCHANT & SIMS, PLC.**

**/s/ MELISSA M. SIMS**
Melissa M. Sims, Esq.
Florida Bar No.: 85936
Evan M. Brooks, Esq.
Florida Bar No.: 68310
2 Alhambra Plaza, Suite 700
Coral Gables, Florida 33134
Telephone:  (786) 338-2877
Facsimile:  (786) 338-2888
Email:  msims@berklawfirm.com
        dalvarez@berklawfirm.com
        ebrooks@berklawfirm.com
        kmendez@berklawfirm.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ MELISSA M. SIMS

**Service List:**

J. Warren Frazer, Esq.
Florida Bar No.: 673927
**LIGMAN MARTIN, P.L.**
Palmetto Bay Centre
15715 South Dixie Highway
Suite 329
Miami, Florida 33157
Telephone:   (305) 255-1144
Facsimile:   (305) 256-9638
Email: jwfcourtdocs@ligmanmartin.com
*Counsel for Plaintiffs*