IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI—DADE COUNTY, FLORIDA

MIGUEL REYES and
ADRIANA REYES,

    Petitioners,

v.

LEXINGTON INSURANCE COMPANY,

CASE NUMBER: 13-2015CA 001110 CA01

    Respondent.
_____/

## PETITION FOR DECLARATORY RELIEF

Petitioners, MIGUEL REYES and ADRIANA REYES, by and through their undersigned counsel and pursuant to Florida Statute §86.011 and other applicable Florida laws and rules of Court, hereby file this Petition for Declaratory Relief seeking a declaration of rights under a policy of residential property insurance entered into between Petitioners and Respondent, LEXINGTON INSURANCE COMPANY, and in support thereof state as follows:

1. This is not an action for damages but rather an action for declaratory relief under Florida Statute §86.011 to determine the extent of coverage that is contractually available under the aforesaid residential property insurance policy for a loss sustained by Petitioner.

2. At all times material hereto, Petitioners were and are the owners of the subject insured residential property located in Miami-Dade County, Florida and are otherwise sui juris.

3. At all times material hereto, Respondent was and is a foreign corporation registered in Florida as a surplus lines insurance carrier (Florida Company Code S1009) and authorized as such by the Florida Office of Insurance Regulation to receive premiums from and provide insurance for policyholders such as the Petitioners in Miami-Dade County, Florida.

Case 1:15-cv-20934-DPG   Document 1-2   Entered on FLSD Docket 03/06/2015   Page 2 of 5

*Miguel & Adriana Reyes vs. Lexington Ins. Co.*
*Petition for Declaratory Relief*
*Page 2 of 5*

4. At all times material hereto, in consideration of premiums timely and fully paid by Petitioners, there was in full force and effect a contract of residential property insurance issued by Respondent and designated as policy number 11483692-02 (hereinafter, "the policy"), effective from May 10, 2014 to May 10, 2015.

5. Petitioners do not have a certified copy of the complete policy but the Respondent is the issuing party so should have a copy in its possession. A certified copy of the policy will be filed in support of this action after Petitioners obtain same from Respondent through discovery.[1]

6. Pursuant to the terms, conditions, limitations and exclusions of the policy, Respondent insured Petitioners against losses to a residential dwelling owned by Petitioners at 5420 Southwest 82nd Avenue, Miami, Florida, 33155.

7. During the effective policy period on or about October 9, 2014, Petitioners sustained a loss when a plumbing failure caused ensuing water damage and necessitated the tearing out of parts of the insured dwelling in order to access and repair the affected plumbing.

8. Petitioners reported the loss to Respondent, made the dwelling available for Respondent's inspection and in all ways cooperated with Respondent's investigation of the loss.

9. Respondent assigned claim number 8931369012 to Petitioners' loss and retained representatives who inspected the insured premises on Respondent's behalf.

10. After its investigation Respondent acknowledged coverage for the subject loss under the policy, and proposed making a payment to Petitioners based on the estimated cost of addressing the cause of the loss by re-lining rather than replacing the cast iron pipe that failed.

---

[1] Notwithstanding the requirements of Fla.R.Civ.P. 1.130(a) it is well-established under Florida law (with analogous rulings having been made by every District Court of Appeals in the state) that, "where the complaint alleged that the Respondent was a party to the contract and that the contract was not in the pleader's possession...the pleader should be given an opportunity to establish the contract's existence by discovery." *Amiker v. Mid-Century Ins. Co.*, 398 So.2d 974, 975 (Fla. 1st DCA 1981). See also *Sachse v. Tampa Music Co.*, 262 So.2d 17, 19 (Fla. 2d DCA 1972); *Parkway General Hospital, Inc. v. Allstate Ins. Co.*, 393 So.2d 1171, 1172 (Fla. 3d DCA 1981); *Equity Premium Inc. v. Twin City Fire Ins. Co.*, 956 So.2d 1257, 1258 (Fla. 4th DCA 2007); *Seaboard Coast Line R. Co. v. Brummitt*, 390 So.2d 170, 171 (Fla. 5th DCA 1980).

Case 1:15-cv-20934-DPG   Document 1-2   Entered on FLSD Docket 03/06/2015   Page 3 of 5

*Miguel & Adriana Reyes vs. Lexington Ins. Co.*
*Petition for Declaratory Relief*
*Page 3 of 5*

11. Petitioners rejected Respondent's proposal because it was not the most effective and advisable way of fixing the plumbing problem at issue, and moreover, in Petitioners' view it was not in keeping with Petitioners' rights and Respondent's obligations under the policy.

12. Specifically, Petitioners contend that the failed pipe should be replaced rather than re-lined, and that Respondent should cover the cost of repairing all water damage that ensued from the loss as well as the cost of tearing out and replacing parts of the dwelling in order to make the necessary plumbing repairs.

13. Petitioners advised Respondent of their position but Respondent rejected it and stood by its offer to pay only for the cost of re-lining the pipe. Thus there exists an actual controversy between the parties which requires judicial determination of the proper way that Petitioners' covered loss should be addressed pursuant to the terms of the policy.

14. This Court has jurisdiction under Florida Statute §86.011 to declare rights, status, and other equitable or legal relations, and may render declaratory judgment on the existence or nonexistence of any immunity, power, privilege or right; or of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend.

15. Petitioners are in doubt or are uncertain as to the existence or non-existence of their rights under the Policy and have an actual, practical and present need for a declaration by the Court. See *Higgins v. State Farm Fire & Casualty Co.*, 894 So.2d 5 (Fla. 2004).

16. Petitioners complied with their duties and obligations set forth in the policy.

17. Petitioner complied with all conditions precedent to the filing of this action.

18. Respondent is a surplus lines carrier but the policy contains the requisite language under Florida Statute §626.912(4) to subject Respondent to service of this lawsuit via service upon the Florida Chief Financial Officer (c/o the Florida Department of Financial Services).

19. Petitioners have engaged the undersigned attorney's law firm for the prosecution of this action and will therefore be entitled to reasonable attorney's fees and costs pursuant to Florida Statute §627.428 upon entry or confirmation of an award in their favor.

20. Moreover, rendition of a judgment is not required in order to trigger an insured's entitlement to recover attorney's fees. The Florida Supreme Court has held that the purpose of Fla. Stat. §627.428 is to discourage the contesting of valid claims by insurers and to reimburse successful insureds for their attorney fees when they are compelled to defend or sue to enforce their insurance contracts. *North American v. Lexow*, 602 So.2d 528 (Fla. 1992).

21. An insurer's agreement to pay a contested claim is the functional equivalent of a confession of judgment or verdict in favor of the insured. *Wollard v. Lloyds*, 439 So.2d 217 (Fla. 1985). When an insurer makes payment of a claim after suit is filed but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to attorney's fees. *Ivey v. Allstate Ins. Co.*, 774 So.2d 679 (Fla. 2000); *Magnetic Imaging Systems, I, Ltd. v. Prudential Property & Cas. Ins. Co.*, 847 So.2d 987 (Fla. 3d DCA 2003).

WHEREFORE, Petitioners request a TRIAL BY JURY and petition this Honorable Court for a DECLARATORY JUDGMENT as follows:

   a. that Petitioners sustained a loss that is covered under the policy issued by Respondent, resulting in damage that is compensable under the policy;

   b. that the cost of repairing all water damage that ensued from the loss is covered under the policy;

   c. that the most proper and advisable way to fix the cause of the loss is to replace the failed plumbing pipe at issue rather than to re-line or repair it;

   d. that the cost of tearing open and replacing parts of the insured dwelling in order to replace the failed plumbing pipe is covered under the policy;

*Miguel & Adriana Reyes vs. Lexington Ins. Co.*
*Petition for Declaratory Relief*
*Page 5 of 5*

e.  that if as a consequence of filing this action Petitioners receive a favorable result either through voluntary settlement or an adjudicated finding, then Petitioners are also entitled to recover compensation from Respondent for their reasonable attorney's fees and costs; and

f.  any additional or further relief the Court deems appropriate.

Respectfully submitted this 16th day of January, 2015.

LIGMAN MARTIN, P.L.
*Attorneys for Petitioners*
Palmetto Bay Centre
15715 South Dixie Highway
Suite 329
Miami, Florida  33157
Tel. (305) 255-1144
Fax (305) 256-9638

BY:  /s/ J. Warren Frazer
J. Warren Frazer, Esq.
Florida Bar no. 673927
warrenfrazer@ligmanmartin.com

**For Service of Court Documents:**
jwfcourtdocs@ligmanmartin.com